IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICK L. EDWARDS, <br> TERESA K. EDWARDS <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:18cv55-MHT-SMD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Currently before the Court is a Second Amended Complaint (Doc. 8) filed by *pro se* plaintiffs Patrick Edwards and Teresa Edwards ("Plaintiffs"). The facts of the Complaint are difficult to follow, but on its face, the undersigned concludes that the Second Amended Complaint should be dismissed both for lack of subject-matter jurisdiction and for failure to state a claim on which relief can be granted.

On March 7, 2018, this Court granted Plaintiffs' Motion to Proceed *in forma pauperis* (Doc. 4) and ordered Plaintiffs to file an Amended Complaint that would address the Court's concerns regarding jurisdiction and the clarity of the claims. At that point, this Court also dismissed Plaintiffs' original Complaint for failure to state claims for relief on a number of grounds; chiefly, this Court found that Plaintiffs' claims were based in criminal statutes that did not provide a private cause of action, and thus, federal question jurisdiction was lacking. Additionally, the Court found that Plaintiffs appeared to be collaterally

attacking various judgments and outcomes from unrelated litigation in state court and federal bankruptcy court. Plaintiffs filed an Amended Complaint on March 21, 2018. (Doc. 5). Prior to the Court's review of that Amended Complaint, Plaintiffs filed a motion for leave to amend, which this Court granted. (Docs. 6 and 7, respectively). Plaintiffs then filed this Second Amended Complaint (Doc. 8), which is pending § 1915(e) review. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii). After careful review of the Second Amended Complaint (Doc. 8), the undersigned concludes that it is due to be DISMISSED.

## STANDARD OF REVIEW

A review of the sufficiency of the Second Amended Complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether it complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), the Complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are '"'merely consistent with' a defendant's liability,' however, are not facially plausible." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Accordingly, the Second Amended Complaint

before the Court, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).

## DISCUSSION

On its face, the Second Amended Complaint abandons its efforts to invoke federal question jurisdiction and instead invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Doc. 8) at 1–2. However, at least two of the defendants, Nicholas C. Hughes and Kary Bryant Wolfe, appear to be domiciled in Alabama for purposes of subject-matter jurisdiction, as do Plaintiffs. *Id.* Diversity jurisdiction has long required complete diversity between all plaintiffs and all defendants. *Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1564 (11th Cir. 1994) ("Diversity jurisdiction, as a general rule, requires complete diversity – every plaintiff must be diverse from every defendant.") (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).

The only remaining basis for this Court's jurisdiction is Plaintiff's previously-abandoned federal question jurisdiction. The Second Amended Complaint only asserts one federal claim, a violation of the Fair Debt Collections Practices Act ("FDCPA") (15 U.S.C. § 1692(e)(9)), against only one of the many Defendants, Birmingham law firm Sirote & Permutt ("Sirote"). The portion of the FDCPA relied upon by Plaintiffs prohibits distributing written communications that falsely purport to be court documents. Plaintiffs seem to allege that Sirote made a false representation in some of the prior legal proceedings. As best the undersigned can tell, this is in reference to the events in state court on February 5, 2016. (Doc. 8) at 4, ¶19. However, the Fair Debt Collections Practices Act has a one-year statute of limitations. 15 U.S.C. § 1692(k)(d). Plaintiffs filed their original Complaint

on January 29, 2018. (Doc. 1). Even assuming that all applicable statutes of limitations were tolled on that date, Plaintiffs would need to identity some conduct by Sirote occurring after January 29, 2017, to sustain this claim. After reviewing the Second Amended Complaint, the Court can find no such references to any alleged malfeasance by Sirote after this date.

Plaintiffs' Second Amended Complaint is due to be dismissed without opportunity to amend because the statute of limitations makes amendment futile, and the court has previously allowed Plaintiffs ample opportunity to amend.

For this reason, the undersigned

RECOMMENDS that the Second Amended Complaint (Doc. 8) be DISMISSED. It is further

ORDERED that the Plaintiffs are DIRECTED to file any objections to the said Recommendation on or before **September 18, 2019**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee*

5

*also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

DONE this 4th day of September, 2019.

<u>/s/ Stephen M. Doyle</u>
UNITED STATES MAGISTRATE JUDGE